UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-6097-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his subjective testimony and failing to fully develop the record. (Dkt. # 18 at 1.) Plaintiff also argues that evidence submitted for the first time to the Appeals Council undermines the ALJ's decision. (*Id.* at 1-2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1981, has a high school diploma and training as a flagger, and has worked as a forklift operator and warehouse loader. AR at 45-46, 200. Plaintiff was last gainfully

ORDER - 1

employed in 2018. *Id.* at 200.

In April 2018, Plaintiff applied for benefits, alleging disability as of March 30, 2018. AR at 163-64. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 85-87, 89-93. After the ALJ conducted a hearing in January 2020 (*id.* at 41-62), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 25-34.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: status post spinal fusion, spondylolisthesis, obesity, and sleep apnea.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He cannot climb ladders, ropes, or scaffolds. He cannot be exposed to hazards.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 25-34.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

### III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.     DISCUSSION

**A.     The ALJ Erred in Assessing Plaintiff's Subjective Testimony**

The ALJ summarized Plaintiff's subjective allegations and explained that he discounted them because (1) the objective medical evidence failed to corroborate the limitations Plaintiff alleged, (2) Plaintiff testified that he had only minimal improvement with physical therapy but the treatment notes documented otherwise, and (3) Plaintiff reported more physical capabilities

to his providers than he did during his hearing testimony. AR at 29-31. Plaintiff argues that the ALJ failed to provide a clear and convincing reason to discount his testimony, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's first reason cannot solely support the ALJ's assessment of his testimony. (Dkt. # 18 at 5-6.) This is true, yet Plaintiff has not shown that the ALJ erred in finding that his allegations of disabling functional limitations were not corroborated by the many normal or only mildly abnormal functional findings in the record (AR at 29-30). *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Plaintiff points to evidence of positive straight leg raises (dkt. # 18 at 6-7 (citing AR at 425, 496, 504)), but those findings do not contradict the ALJ's step-three finding that the record did not contain evidence of "neurological deficits, such as motor, sensory, or reflex loss, or positive straight leg raising tests in both the sitting and supine positions." *Id.* at 28. Furthermore, the ALJ acknowledged various abnormal objective findings (*id*. at 29-31) along with normal findings, and Plaintiff has not shown that the ALJ was unreasonable in finding that those abnormal findings nonetheless failed to fully corroborate the extent of the limitations Plaintiff claimed.

Next, the ALJ found that the treatment record contradicted Plaintiff's allegation of no improvement with physical therapy. AR at 30-31. The ALJ cited Plaintiff's reports of decreased pain with exercises and stretching, and that his weight-bearing and activity tolerance increased with physical therapy. *Id*. (citing *id*. at 543-44, 550, 557, 574, 619, 622-23, 634-35, 642, 649, 660, 670, 690). The physical therapy treatment notes are consistent with Plaintiff's hearing

testimony, however: Plaintiff testified that his pain decreased but was not eliminated, and the treatment notes indicate that he continued to report experiencing pain as well as functional limitations even with physical therapy. *Compare id*. at 50-54 *with id*. at 543-44, 550-51, 555, 557, 559, 562, 567, 570, 573-74, 576, 578, 581, 589, 597, 599, 609-10, 619, 622-23, 634-35, 642, 649, 660, 670, 690. The physical therapy notes do not describe more improvement than Plaintiff acknowledged, and thus the ALJ erred in finding that the physical therapy notes were inconsistent with Plaintiff's allegations.

The ALJ also relied on Plaintiff's activities as a reason to discount his allegations. The ALJ found that Plaintiff reported to his providers that he was more active than he admitted at the hearing, namely he reported an ability to sit for 30 minutes, stand for 30 minutes, walk up to a mile, and clean his house. AR at 31 (citing *id.* at 536, 641, 644, 669). But Plaintiff testified to many similar limitations and abilities at the hearing. *See id*. at 49-50 (Plaintiff's testimony that he can clean his house and do light yardwork for 10-45 minutes until his back hurts and then he needs to sit down for an hour), 53 (Plaintiff must use a walking stick if he is outside his home). The ALJ did identify one meaningful inconsistency between Plaintiff's hearing testimony and his reports to his providers: Plaintiff testified (*id*. at 54) that the farthest he can walk without taking a break is to the end of his block (a distance he estimated as 50-60 feet), which is inconsistent with his reported ability to walk for 30 minutes (*id*. at 673) and up to a mile at times with walking sticks (*id*. at 674).

The Court does not find that the existence of this one inconsistency saves the ALJ's assessment of Plaintiff's testimony, however, as the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (cleaned up). The ALJ mischaracterized the record in finding extensive inconsistencies

between Plaintiff's allegations and his improvement with physical therapy and his activities. Because the only fully valid reason provided by the ALJ — lack of corroboration — cannot solely support the ALJ's assessment of Plaintiff's testimony, the Court concludes that the ALJ erred in assessing Plaintiff's testimony and must reconsider it on remand.

Because this case must be remanded, Plaintiff will have another opportunity to submit additional, updated records and the ALJ will have the opportunity to further develop the record if necessary. The ALJ will also have the opportunity to review the evidence that was previously submitted to the Appeals Council. Thus, Plaintiff's other assignments of error need not be addressed further, in light of the Court's resolution of Plaintiff's first assignment of error.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's subjective testimony, and update and further develop the record if necessary.

Dated this 26th day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge